IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-HC-2179-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| LUKE PREACHER, | ) | |
| Respondent. | ) | |

In this action, petitioner seeks the civil commitment of respondent as a sexually dangerous person, pursuant to the Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. §§ 4247–4248. It comes before the court on respondent's pro se motion (D.E. 19) to proceed without representation. He is currently represented by Joseph H. Craven of the Federal Public Defender's Office. Petitioner opposes the motion. (*See* D.E. 29). The court held a hearing on the motion on 3 October 2014, and the matter is now ripe for adjudication.

On a motion to proceed pro se in a criminal case, the court must determine, in addition to whether the defendant is competent to waive his right to counsel, whether the waiver is clear and unequivocal, and not simply a manipulative procedural ploy; is knowing, intelligent, and voluntary; and is timely. *See United States v. Bush*, 404 F.3d 263, 271 (4th Cir. 2005). It is appropriate to apply this standard in the instant case notwithstanding its civil nature because of, among other considerations, the liberty interest at stake for respondent. *See Addington v. Texas*, 441 U.S. 418, 425 (1979) ("[The Supreme] Court repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.").

To enable the court to make these determinations, it questioned respondent at length at the hearing, after placing him under oath. The court also warned respondent of the dangers of self-representation. *See United States v. Parker*, No. 12-4886, 2014 WL 2699735, at * 5 (4th Cir. 16 June 2014) ("[W]hile a trial court must determine if a waiver of counsel is knowing and intelligent, no particular interrogation of the defendant is required, so long as the court warns the defendant of the dangers of self-representation."). In addition, the court questioned Mr. Craven and heard argument from counsel for petitioner.

While respondent expressed his desire to proceed pro se, citing, for example, Mr. Craven's refusal to file certain motions at his direction, he also stated his willingness to have new counsel appointed. The court therefore finds, under the particular circumstances presented, that the unequivocal element for a valid waiver is not satisfied. The court therefore need not address the other elements.

The question then becomes whether respondent is entitled to appointment of new counsel. The court finds that he is. When analyzing a motion to substitute counsel, the court must consider the timeliness of the motion and "whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." *United States v. Blackledge*, 751 F.3d 188, 194 (4th Cir. 2014) (quoting *United States v. Gallop*, 838 F.2d 105, 108 (4th Cir. 1988)). Based on its extensive questioning of respondent and Mr. Craven at the hearing and its consideration of other relevant portions of the record, the court finds that a substantial breakdown of the attorney-client relationship in this case has occurred, resulting in a total lack of communication and preventing an adequate defense going forward. *See United States v. Reevey*, 364 F.3d 151, 156 (4th Cir. 2004); *accord United States v. Lee*, No. 08-4485, 2010 WL 4034001,

at *1 (4th Cir. 15 Oct. 2010) (citing *Reevey*). The court notes, among other information presented, Mr. Craven's representation to the court that respondent refused to accept a call from Mr. Craven prior to the hearing. Given the stage of the proceedings in this case, appointment of substitute counsel is timely and will not prejudice the court's "interest in the orderly administration of justice." *Reevey*, 364 F.3d at 157; *accord Lee*, 2010 WL 4034001, at *1 (quoting *Reevey*).

IT IS THEREFORE ORDERED as follows:

1. Respondent's motion (D.E. 19) to proceed without representation is DENIED WITHOUT PREJUDICE.

2. The Federal Public Defender's Office is DIRECTED to appoint new counsel for respondent as soon as practicable, but in no event later than 13 October 2014. New counsel for respondent shall enter a notice of appearance within two days after appointment.

3. Mr. Craven's appearance in this case shall be deemed withdrawn upon the filing of new counsel's notice of appearance.

4. The Clerk is DIRECTED to serve a copy of this order on the Federal Public Defender.

SO ORDERED, this 6th day of October 2014.

_____
James E. Gates
United States Magistrate Judge